# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MARLON MALLORY**  **PLAINTIFF**
**ADC #142660**

V.                    NO. 4:20-cv-00105-JM-ERE

**ESTELLA BLAND,** *et al.*                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**    **Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Mallory's claims has been sent to Judge James M. Moody Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**    **Background:**

Marlon Mallory, an Arkansas Division of Correction (ADC) inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. *Doc. 2*. Mr. Mallory claims that Defendants were deliberately indifferent to his serious medical needs.

He has stated constitutional claims, as well as state-law medical malpractice claims against Defendants Estella Bland, APN; Matthew Wood, APN; and Dr. Aaron Smith.

The Court previously dismissed, based on failure to fully exhaust administrative remedies, Mr. Mallory's claims: (1) regarding the medical care Defendants provided between January 27, 2018 and July 4, 2019; and (2) Defendants failure to renew his ibuprofen prescriptions. In addition, the Court also dismissed Mr. Mallory's claims regarding Defendant Bland's failure to refer him to an outside provider at their July 5, 2019 encounter. *Doc. 49*.

Defendants filed a motion for summary judgment, brief, and statement of facts on Mr. Mallory's remaining claims. *Docs. 67-69*. Mr. Mallory has responded. *Docs. 74-76*. Thus, Defendants' summary judgment motion is ripe for review.

**III.   Discussion:**

A.   Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material

fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). A party is entitled to summary judgment if - but only if - the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56; *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017). Because Defendants are the moving party, the Court will construe any disputed facts in a light favorable to Mr. Mallory.

  B. Factual Background

On December 12, 2017, Mr. Mallory was examined at the Wound Care & Hyperbaric Center of the Arkansas Heart Hospital. *Doc. 69-1 at p.1*. Mr. Mallory's medical records indicate that he suffered from wounds on his left heal and his right foot. *Doc. 69-1 at p.1*. Dr. Feurtado, the examining physician, assessed the wounds as relatively small venous ulcers with no tunneling, sinus tract, odor, or infection and limited to a breakdown of skin. *Doc. 69-1 at p.3*. Dr. Feurtado recommended that Mr. Mallory undergo a "CT with runoff of the right lower extremity" and that Mr. Mallory be seen for a follow-up examination in one week. *Doc. 69-1 at pp.1, 4.* He also provided Mr. Mallory prescriptions for Tylenol and Keppra. *Doc. 69-1 at p.2.*

On December 14, Defendant Bland submitted a consult for the CT scan. *Doc. 69-1 at p.7*. She did not submit a consult for a follow-up appointment with Dr. Feurtado.

On December 20, Mr. Mallory underwent a CT scan. *Doc. 69-1 at p.9*. The CT scan revealed "[n]o evidence of stenosis or occlusion in the arterial system to the lower extremities bilaterally are proximally." *Doc. 69-1 at p.9*.

On January 18, 2018, Defendant Bland examined Mr. Mallory due to his complaints of "burning/stabbing pain" in his left, lower extremity. *Doc. 69-1 at p.11*. Defendant Bland noted "no open lesions" and "no indication for outside consult could be determined at this time." *Doc. 69-1 at p.11*. At that time, Mr. Mallory told Defendant Bland that "the Keppra is not doing anything." Accordingly, Defendant Bland discontinued Mr. Mallory's Keppra prescription.

On January 23, 2018, Mr. Mallory was seen for a weekly dressing change. *Doc. 69-1 at p.12*.

On January 26, 2018, Defendant Wood examined Mr. Mallory. *Doc. 69-1 at p.13*. Defendant Wood noted a left, inner- ankle "healing wound" and suspected that the leg wounds were "secondary to self-mutilation." *Doc. 69-1 at p.13*. Defendant Wood provided Mr. Mallory a prescription for Duloxetine and told Mr. Mallory to submit a sick-call request if his "condition worsen[ed]." *Doc. 69-1 at p.13*.

On July 5, 2019, Defendant Bland examined Mr. Mallory. *Doc. 69-1 at p.15*. He requested stronger pain medication. Defendant Bland noted that "his request for narcotics is not medically indicated." *Doc. 69-1 at p.15*. Defendant Bland prescribed Naproxen and Ceftriaxone Sodium.

On August 16, 2019, Defendant Smith examined Mr. Mallory and attempted to perform "punch biopsies" of the wound on Mr. Mallory's right foot. *Doc. 69-1 at p.17*. Defendant Smith administered local anesthetic, but Mr. Mallory "could not handle the pain." *Doc. 69-1 at p.17*. As a result, Defendant Smith discontinued the procedure. He issued Mr. Mallory a dressing-change order. *Doc. 69-1 at p.18*.

On August 19, 21, 23, 27, and 30, medical staff members changed Mr. Mallory's dressings on his wound. *Doc. 69-1 at pp.19-22*.

At a August 30, 2019 medical encounter, Mr. Mallory requested to be examined by an outside provider. *Doc. 69-1 at p.22*. At that time, Defendant Smith noted that the continual dressing changes had "improved margins." He recommended continued dressing changes and a follow-up examination in two weeks. *Doc. 69-1 at p.22*.

On September 20, 2019, Defendant Bland examined Mr. Mallory. *Doc. 69-1 at p.23*. She noted that Mr. Mallory's wound was small with crusting and "no exudate." *Doc. 69-1 at p.23*. Defendant Bland issued Mr. Mallory Dial Liquid Soap for "daily cleansing of his feet" and prescriptions for Ibuprofen and Ceftriaxone

Sodium. Defendant Bland told Mr. Mallory "to allow for natural wound healing and not to pick his scabs off." *Doc. 69-1 at p.23.*

    C.    Deliberate-Indifference Claim

Deliberate indifference to a prisoner's serious medical needs is a kind of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An inadvertent or negligent failure to provide adequate medical care is different from deliberate indifference. Negligence, even gross negligence, is not deemed "an unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105. Likewise, disagreement with treatment decisions cannot support a deliberate indifference claim. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006); see also *Dulany v. Carnahan*, 132 F.3d 1234, 1239-40 (8th Cir. 1997) (where medical records show that treatment was provided; and physician affidavits state that the care was adequate, an inmate's belief that she did not receive adequate care is insufficient to create disputed material fact). Stated another way, Defendants can be held liable only if their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)); see also *Allard v. Baldwin*, 779 F.3d 768, 771-72 (8th Cir. 2015) (to prevail on eighth amendment claim, inmate must show that defendants' mental state was akin to criminal recklessness). Mr. Mallory "must clear a substantial evidentiary threshold"

6

to show that Defendants acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019).

Defendants attach to their motion the affidavit of Chris Horan, a physician licensed to practice in the State of Arkansas and the Regional Medical Director for Wellpath. *Doc. 69-2*. After reviewing Mr. Mallory's medical records, Dr. Horan concluded that Mr. Perry "was provided with appropriate pain medication to treat his subjective complaints of pain for [his] superficial wounds and he received appropriate treatment." *Doc. 69-2 at p.7*.

Specifically, Dr. Horan explained that the physician at the Arkansas Heart Hospital recommended a CT of Mr. Mallory's arteries so that he could "rule out a circulation issue." *Doc. 69-2 at p.2*. He testified that, because the wounds were "superficial" and "relatively small," and Mr. Mallory was receiving routine dressing changes, Dr. Horan did "not see any need for a follow-up at the wound clinic for these particular wounds." *Doc. 69-2 at pp.2-3*. Furthermore, Dr. Horan agreed with: (1) Defendant Bland's decision not to refer Mr. Mallory to an outside provider after his encounter with her on January 19, 2018; (2) Defendant Wood's assessment that Mr. Mallory's wounds "were secondary to self-mutilation" at his encounter with Mr. Mallory on January 26, 2018; (3) Defendant Bland's refusal to provide Mr. Perry narcotics at his July 5, 2019 encounter with her; (4) Defendant Smith's decision to perform a punch biopsy to "rule out any potential cause of skin breakdown for a non-

7

healing wound; (5) Defendant Smith's decision to discontinue the biopsy due to Mr. Mallory's complaints of pain; and (6) Defendant Bland's evaluation and assessment of Mr. Perry at her encounter with him on September 20, 2019. Finally, Dr. Horan noted that: (1) Mr. Perry did not "leave his dressings alone"; (2) he did not "maintain good hygiene of the affected areas"; and (3) he "did not appear to cooperate with his care." *Doc. 69-2 at p.6.*

At the summary judgment stage, Mr. Mallory's unsupported assertions that Defendants were deliberately indifferent are insufficient. "'When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'" *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne*, 11 S.W.3d 531, 539 (2000)).

Here, Mr. Mallory has not come forward with any evidence from which a fact-finder could conclude that the Defendants' failure to refer him to an outside provider was criminally reckless. Furthermore, he has failed to come forward with any evidence that any alleged delay in treatment actually caused a detrimental effect on his prognosis. See *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (an inmate claiming that his medical care was inadequate because of a delay in treatment must place verifying medical evidence in the record to establish the detrimental effect of

the alleged delay in treatment). Finally, Mr. Mallory has not come forward with any evidence contradicting Dr. Horan's testimony.

Based on a review of Mr. Mallory's medical records, Defendants continued to examine his wounds, provide him pain medication, and order appropriate dressing changes. Such conduct could hardly be characterized as deliberate indifference. Accordingly, Defendants are entitled to judgment as a matter of law on this claim.

## IV.   Conclusion:

The Court recommends that the Defendants' motion for summary judgment *(Doc. No. 67)* be GRANTED. Mr. Mallory's deliberate-indifference claims should be DISMISSED, with prejudice. Because Mr. Mallory's federal claim for relief fails as a matter of law, the Court should decline to exercise supplemental jurisdiction over Mr. Mallory's state-law medical malpractice claims. Those claims should be DISMISSED, without prejudice.

DATED this 21st day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE